# In the United States Court of Federal Claims

No. 23-1568C
Filed: September 19, 2023
NOT FOR PUBLICATION

| |
|---|
| **JEFFREY N. BOEGLI,** <br><br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES,** <br><br> *Defendant* |

## MEMORANDUM OPINION AND ORDER

**HERTLING, Judge**

      The plaintiff, Jeffrey N. Boegli, filed this action *pro se* on September 14, 2023. The plaintiff seeks review of a decision of the Board for Correction of Naval Records declining to bar recoupment of an enlistment bonus the plaintiff had received.

      The complaint was accompanied by a motion to allow the plaintiff to proceed *in forma pauperis*. That application was supported, as required, by an affidavit outlining the plaintiff's financial condition. In his affidavit, the plaintiff discloses that he earns more than $7,500 per month, amounting to almost $91,000 annually in gross pay from his employer; his monthly net income exceeds $5,500, amounting to an annual net income of more than $66,000 from his salary. In addition to his salary, the plaintiff receives $1,848 annually in disability benefits from the Department of Veterans Affairs. Simple addition reveals that the plaintiff earns almost $93,000 annually in gross income.

      The plaintiff also discloses that his monthly expenses exceed $5,500. According to the plaintiff's application, his monthly net income, not including his VA disability pay, exceeds his monthly expenses by less than $50. The plaintiff discloses that he has only $100 in the bank and owes approximately $12,600 on his credit card(s). The plaintiff has an automobile valued at $3,600 and has approximately $7,000 of equity in his home.

      Parties filing civil suits in federal courts, including the Court of Federal Claims, must typically pay a filing fee when initiating their suit. 28 U.S.C. § 1926. Pursuant to 28 U.S.C. § 1915(a)(1), however, a federal court may authorize a plaintiff to initiate a civil suit without requiring the plaintiff to prepay the normal filing fee when the plaintiff submits an affidavit demonstrating that "the person is unable to pay such fee or give security therefor."

"Courts have discretion under 28 U.S.C. § 1915 to grant in forma pauperis status to litigants." *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010). "'Proceeding *in forma pauperis* . . . is a privilege, not a right.'" *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998)).

"[T]he threshold for a motion to proceed *in forma pauperis* is not high." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). "It is left to the discretion of the presiding judge to determine, based on the financial information submitted, whether the plaintiff is unable to pay" the filing fee. *Payne v. United States*, No. 22-898, 2022 WL 3586496, at *1 (Fed. Cl. Aug. 22, 2022) (citing *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018)).

The Supreme Court has held that a plaintiff does not have to "be absolutely destitute to enjoy the benefit" of being allowed to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). As the Court noted in *Adkins*, it would defeat the purpose of the statute to push litigants into poverty and destitution before allowing them to take advantage of the law. Nonetheless, to grant a plaintiff *in forma pauperis* status based simply on the sworn but untested affidavit asserting an inability to prepay the filing fee would be a derogation of duty.

The plaintiff here earns almost $93,000 annually, far above the 2021 median household income in the United States of $70,784. *See* Jessica Semega & Melissa Kollar, *Income in the United States: 2021*, The United States Census Bureau (Sept. 2022), *https://www.census.gov/library/publications/2022/demo/p60-276.html* (accessed Sept. 18, 2023). The plaintiff's income far exceeds the 2022 mean personal income in the United States of $59,430. *See Mean Personal Income in the United States*, FRED Economic Data: St. Louis Fed, https://fred.stlouisfed.org/series/MAPAINUSA*646N* (accessed Sept. 18, 2023). On the other side of the ledger, the plaintiff has significant debts and has a child with juvenile diabetes. His monthly expenses almost equal his monthly salary. The plaintiff's affidavit reflects that he has credit cards, and plaintiffs may pay the filing fee through a credit card, allowing payment over time. The plaintiff also has other assets in the form of real property and a vehicle.

Recent cases evaluating and granting plaintiffs *in forma pauperis* status typically involve parties with far less income and fewer resources than the plaintiff. *E.g., Joseph v. United States*, No. 22-300, 2022 WL 5090329, at *2 (Fed. Cl. Oct. 5, 2022) (plaintiffs' monthly income was $100, supplemented by public assistance); *Conner v. United States*, No. 21-2057, 22 WL 2231222, at *3 (Fed. Cl. June 21, 2022) (plaintiff earned $1376 in gross monthly wages); *Neville v. Hall*, No. 19-1937, 2020 WL 211475, at *1 (Fed. Cl. Jan. 14, 2020) (plaintiff received $751 in monthly benefits from the supplemental security income program and had monthly expenses of $210, plus student debts of $160,000); *Brestle*, 139 Fed. Cl. at 104 (plaintiff's sole source of income was $1270 monthly from "social security"); *Fiebelkorn*, 77 Fed. Cl. at 62 (plaintiff's income was barely above the Department of Health and Human Services ("HHS") poverty guidelines).

A review of recent decisions denying plaintiffs *in forma pauperis* status is also instructive. *E.g., Payne*, 2022 WL 5080329, at *1 (plaintiff received two pensions and veterans' benefits, owned two homes and two motor vehicles); *Scott v. United States*, No. 22-846, 2022 WL3582242, at *2 (Fed. Cl. Aug. 22, 2022) (plaintiff received almost $1600 monthly in income but also received $15,000 from family and friends); *White Horse v. United States*, No. 20-1624, 2021 WL 1200727, at *2 (Fed. Cl. March 30, 2021) (plaintiff earned $2080 per month and had monthly expenses of almost $1500).

The plaintiff has a much higher income than any plaintiff who has been accorded *in forma pauperis* status. On the other hand, his monthly expenses are comparatively high, so the net monthly funds available to him are closer in scale to the funds available to those plaintiffs who were granted *in forma pauperis* status; indeed, in some instances, such plaintiffs had more net monthly funds available to them.

In evaluating motions seeking *in forma pauperis* status, judges of this court have consulted the HHS poverty guidelines to assist in determining whether a plaintiff has met the threshold for proceeding without prepayment of the filing fee. *E.g., Payne*, 2022 WL 5080329, at *2; *Moore v. United States*, 93 Fed. Cl. 411, 414 (2010); *Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010); *Fiebelkorn*, 77 Fed. Cl. at 62.

The plaintiff's affidavit reveals that his household has four members; the plaintiff resides in Florida. The 2023 HHS poverty guideline for a family of four in the continental United States is $30,000. *See HHS Poverty Guidelines for 2023*, ASPE (Jan. 2023), *https://aspe.hhs.gov/poverty-economic-mobility/poverty-guidelines* (accessed September 18, 2023). The plaintiff earns more than three times this amount.

Based on the facts he presented, the plaintiff is not unable to pay the required filing fees. Although the plaintiff's net monthly income only exceeds his monthly expenses by $50, he can accumulate the amount of the filing fees in only eight months, even without finding any savings in his current expenses. The plaintiff can achieve this result because his overall financial wherewithal is significantly better than that of plaintiffs who were awarded *in forma pauperis* status. While the payment of the filing fees may impose some burden on the plaintiff and require some adjustments to his monthly payments, any hardship the imposition of the payment of the filing fees will impose is not excessively or unduly burdensome given the plaintiff's overall income. The plaintiff fails to meet the threshold to be allowed to proceed without the prepayment of the filing fees.

Accordingly, the plaintiff's motion to proceed *in forma pauperis* is **DENIED**. The plaintiff shall remit the filing fee and administrative fee totaling $402.00 on or before **October 19, 2023**. If the plaintiff fails to remit the filing fee, this case will be dismissed without prejudice for failure to prosecute pursuant to Rule 41 of the Rules of the Court of Federal Claims.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
